IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | | |
|---|---|---|
| NAOMI SPENCER DALY and DARRELL CASTLE | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 3:16-cv-08981 |
| NATALIE TENNANT, in her official capacity as Secretary of State of the State of West Virginia, | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

**VERIFIED COMPLAINT**

**Nature of the Case**

1.     This is an action under 42 U.S.C. § 1983 to enforce

rights guaranteed to the plaintiffs by the First and Fourteenth

Amendments to the United States Constitution.  At issue is the

West Virginia Secretary of State's decision to remove 17

independent candidates from the general election ballot based on

a recent decision of the West Virginia Supreme Court interpreting

West Virginia Code § 3-5-7.  *See Wells v. State ex rel. Miller*, No.

16-0779 (W.Va. Sept. 15, 2016).  The Secretary of State interprets

that decision to impose a January filing deadline on independent candidates who seek to appear on the November ballot, and she applied that interpretation retroactively against the plaintiffs. Both the deadline and its retroactive application are patently unconstitutional.

## Jurisdiction and Venue

2.     This Court has original jurisdiction over this case under Article III of the United States Constitution and 28 U.S.C. §§ 1331 and 1343(a)(3).

3.     This suit is authorized by 42 U.S.C. § 1983.

4.     Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

5.     Venue is proper in the Southern District of West Virginia under 28 U.S.C. § 1391(b).

## Parties

6.     Plaintiff Naomi Spencer Daly is a United States citizen and a citizen of the State of West Virginia.  She is a resident and registered voter of Cabell County, West Virginia.  She is the

Socialist Equality Party's nominee for the West Virginia House of Delegates in District 16.

7.     Plaintiff Darrell Castle is a United States citizen and a citizen of the State of Tennessee.  He is the Constitution Party's nominee for President of the United States in the 2016 general election.

8.     Defendant Natalie Tennant is the Secretary of State of the State of West Virginia and is charged by statute with certifying independent candidates for statewide and legislative offices for the general election ballot.  She is sued in her official capacity only.

## Factual Background

9.     West Virginia law creates a two-tiered ballot-access scheme for candidates seeking to run in the general election for partisan offices: one for candidates of recognized parties, and one for all other candidates.

10.     Recognized parties may nominate their candidates for the general election ballot by convention or primary election.

3

11.     The nominating process for other candidates (also known as independent or "no party" candidates, even though such candidates may, as is the case here, be affiliated with an unrecognized party) is governed by West Virginia Code §3-5-23 and §3-5-24 and is described on the Secretary of State's website at http://www.sos.wv.gov/elections/candidates-committees/Pages/nopartyaffiliation.aspx.  See Exhibit 1.

12.     According to the Secretary of State's website, "To become a no party candidate in the General Election, an individual must submit his or her petition signatures, certificate of announcement, and filing fee with the appropriate filing officer by August 1, 2016."

13.     Each of the plaintiffs is affiliated with an unrecognized political party.

14.     Each of the plaintiffs submitted a nominating petition containing a sufficient number of signatures, a certificate of announcement, and filing fee to the Secretary of State before August 1, 2016.

15.   Each of the plaintiffs received notice on or about August 25, 2016, that they had qualified for the general election ballot.

16.   On or about Thursday, September 15, 2016, the West Virginia Supreme Court released its opinion in *Wells v. State ex rel. Miller*, No. 16-0779 (W.Va. Sept. 15, 2016).

17.   On the evening of Friday, September 16, each of the plaintiffs was notified by an agent for the Secretary of State that they were being removed from the general election ballot based on the *Wells* decision.

18.   The notification stated that the *Wells* decision meant that independent candidates must have filed a certificate of announcement no later than January 30, 2016, in order to appear on the general election ballot in November.

19.   None of the plaintiffs filed a certificate of announcement prior to January 30, 2016.

## Claim One

20.   West Virginia's ballot access scheme for independent candidates, as applied to the plaintiffs, violates rights guaranteed

to the plaintiffs by the First and Fourteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983.

## Claim Two

21.    The Secretary of State's retroactive application of her interpretation of the *Wells* decision violates rights guaranteed to the plaintiffs by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as enforced by 42 U.S.C. § 1983.

## Relief

22.    A real and actual controversy exists between the parties.

23.    The plaintiffs have no adequate remedy at law other than this action for declaratory and equitable relief.

24.    The plaintiffs are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

WHEREFORE, the plaintiffs respectfully pray that this Court:

(1) take original jurisdiction over this case;

(2) enter a declaratory judgment that West Virginia's ballot access scheme for independent candidates, as applied to the plaintiffs, violates rights guaranteed to the plaintiffs by the First and Fourteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983;

(3) enter a declaratory judgment that the Secretary of State's retroactive application of her interpretation of the *Wells* decision violates rights guaranteed to the plaintiffs by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as enforced by 42 U.S.C. § 1983;

(4) enjoin the Secretary of State from enforcing her new interpretation of West Virginia's ballot access scheme for independent candidates against the plaintiffs and other similarly situated independent candidates;

(5) issue a writ of mandamus requiring the Secretary of State to restore the plaintiffs and other similarly situated independent candidates to the general election ballot;

(6) award the plaintiffs nominal damages;

(7) award the plaintiffs the costs of this action together with their reasonable attorneys' fees under 42 U.S.C. § 1988; and

(8) retain jurisdiction of this action and grant the plaintiffs any further relief which may in the discretion of the Court be necessary and proper.

Respectfully submitted this 19th day of September,

/s/ Bryan Sells*
Georgia Bar No. 635562
Law Offices of Bryan Sells LLC
PO Box 5493
Atlanta, GA 31107
(404) 480-4212
bryan@bryansellslaw.com
*intends to seek admission pro hac vice

/s/ Anthony J. Majestro
West Virginia ID #5165
Powell & Majestro, PLLC
405 Capitol Street, Suite P-1200
Charleston, WV 25301
304-346-2889 / 304-346-2895 (f)
amajestro@powellmajestro.com

## VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America that the allegations in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

Executed this _____19_____ day of September, 2016.

Naomi Spencer Daly