

# PEYTON
## LAW FIRM, PLLC

September 20, 2016

Mark Sorsaia
Putnam County Prosecuting Attorney
12093 Winfield Road
Winfield, WV 25213

Brian Wood, Clerk
County Commission of Putnam County
Putnam County Courthouse
12093 Winfield Road
Winfield, WV 25213

Natalie Tennant
WV Secretary of State
1900 Kanawha Blvd., East
Building 1, Suite 157K
Charleston, WV 25305

Layna Valentine-Brown
Elections Director
WV Secretary of State's Office
1900 Kanawha Blvd., East
Building 1, Suite 157K
Charleston, WV 25305

   ***Re: Dorrel Wayne "Peachie" Arthur***

Dear Prosecutor, County Clerk, Madam Secretary and Elections Director:

  My client, D. W. Arthur, is a duly qualified, non-affiliated candidate for the office of County Commission, Putnam County, West Virginia, by virtue of a Certificate of Announcement dated June 1, 2016.

  Mr. Arthur is entitled to access to the ballot by virtue of his compliance with *W.Va. Code* §3-5-7(d)(6), §3-5-23 and §3-5-24. Despite this fact, Mr. Arthur has erroneously been informed that his name will not be placed on the ballot of the November 8 general election. This information was conveyed to Mr. Arthur by County

Mark Sorsaia
Brian Wood
Natalie Tennant
Layna Valentine-Brown
Page 2
September 20, 2016

---

Clerk Wood who apparently relies on an opinion from Assistant Prosecuting Attorney Jennifer Scragg Karr and email correspondence from Layna Valentine-Brown, Elections Director for the West Virginia Secretary of State.

Action to deny Mr. Arthur a place on the ballot is based on the misapplication of the ruling of the Supreme Court of Appeals in the matter of *Wells v. SER Miller*, No. 16-0779, filed September 5, 2016. You are referred specifically to Syllabus Points 3 and 4 of that opinion.

Syllabus Point 3 sets forth the Supreme Court's ruling that "any person who is ***eligible*** and seeks to hold an office ... to be filled by election" in any general election must file a certificate of announcement declaring his/her candidacy during the pre-primary election filing period set forth in Section 3-5-7. Syllabus Point 4 makes it clear that any candidate registered and affiliated with a recognized political party may not become a candidate by virtue of the process outlined in *W. Va. Code* §3-5-23.

When these Syllabus Points are read together, it is clear the *Wells* case does not apply to Mr. Arthur. In January 2016, Mr. Arthur developed a heartfelt desire to express himself as a non-affiliated candidate. As a registered Republican, Mr. Arthur was not "***eligible***" to announce a non-affiliated candidacy during the general filing period. Accordingly, the holding in Syllabus Point 3 of the *Wells* case does not apply to him.

In March 2016, Mr. Arthur left the Republican party and became an independent. Sixty-one days later, he became "***eligible***" to seek office as an independent. Promptly upon obtaining ***eligibility***, Mr. Arthur truthfully and fully completed the "Candidate's Certificate of Announcement for 2016 Partisan Elections" on the form prescribed by the West Virginia Secretary of State. He presented the requisite number of signatures to win access to the ballot. His Certificate of Candidacy is in all respects lawful. He has paid his filing fee and complied with every directive from Secretary of State and County Clerk.

Any other conclusion would be an over interpretation of the *Wells* case. In Mr. Wells' case, it was an obvious attempt by a political party affiliate to win ballot access without becoming "***eligible***" as required by law and without truthfully and fully completing a candidate's certificate of announcement. The facts of that case have no application to Mr. Arthur's candidacy.

Mark Sorsaia
Brian Wood
Natalie Tennant
Layna Valentine-Brown
Page 3
September 20, 2016

---

    There are also serious constitutional issues afoot here. There is currently pending in the United States District for the Southern District of West Virginia an action styled *Daly, et al. v. Tennant, No. 3:16-cv-08981.* This case challenges the denial of candidates such as Mr. Arthur to appear on the ballot on substantial constitutional grounds. A motion for temporary restraining order was filed in that case today.

    It would be rash for any action to be taken to deny Mr. Arthur a place on the ballot until the issues raised in this letter and the federal lawsuit are resolved in the courts. I urge the Prosecuting Attorney and Clerk of Putnam County to do the responsible and lawful thing and allow Mr. Arthur to remain on the ballot as he deserves to do.

    Please confirm for me at your earliest convenience that Mr. Arthur's name will, in fact, be placed on the November 8 general election ballot for the office of County Commissioner, Putnam County, West Virginia.

                                      Yours very truly,

                                      Harvey D. Peyton

HDP/jp