IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

NAOMI SPENCER DALY and
DARRELL CASTLE,

        Plaintiffs,

        v.                         No. 3:16-cv-08981

NATALIE TENNANT.
in her official capacity as
Secretary of State of the
State of West Virginia,

        Defendant.

## MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

        Dorrel W. Arthur seeks to intervene in this case as a matter of right pursuant to Rule 24(a), *Federal Rules of Civil Procedure*. Mr. Arthur's application to intervene must satisfy four requirements: 1) the application to intervene must be timely; 2) Mr. Arthur must have an interest in the subject matter of the underlying action; 3) the denial of the motion to intervene would impair or impede Mr. Arthur's ability to protect his interests; and 4) Mr. Arthur is not adequately represented by the existing parties to the litigation. *Scardelletti v. Debarr*, 265 F.3d 195, 202-203 (4th Cir. 2001); *Houston General Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir.1999).

        Mr. Arthur's application is timely. This action was commenced Monday, September 19, 2016. The Plaintiffs' "Emergency Motion for a Temporary Restraining Order" together with a supporting memorandum was filed at approximately noon on Tuesday, September 20, 2016. Later on the afternoon of September 20, the Court entered an order setting a hearing on Plaintiffs' emergency motion for a temporary restraining order for the afternoon of Thursday,

September 22, 2016. This motion to intervene is filed within 24 hours of Dorrel W. Arthur learning of the pendency of this action and the emergency motion for a temporary restraining order. His motion to intervene is filed more than 24 hours prior to the date and time scheduled for a hearing on the motion for temporary restraining order.

Rule 24(a) does not specify the nature of the interest necessary to satisfy the second requirement but it is recognized that the courts need to see a significantly protectable interest, including an interest that is contingent entirely upon the outcome of the litigation in which intervention is sought. *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991). Mr. Arthur clearly holds such an interest.

Mr. Arthur is a duly qualified, non-affiliated candidate for the office of County Commission, Putnam County, West Virginia, by virtue of a certificate of announcement dated June 1, 2016. He is entitled to access to the ballot by virtue of his compliance with *W.Va. Code* § 3-5-7(d)(6) and §§ 3-5-23, 24. Mr. Arthur obtained his certificate of announcement, paid his filing fee and became eligible for inclusion on the ballot for the general election of November 8, 2016, by complying entirely with the provisions of West Virginia law as they were represented to him by the West Virginia Secretary of State. The intervenor's interest in a position on the Putnam County, West Virginia general election ballot is now threatened because of a directive sent by the West Virginia Secretary of State to the Putnam County Clerk asking him to remove Mr. Arthur from the ballot if his certificate of announcement was not obtained prior to a retroactive deadline date of January 30, 2016.

The Secretary of State's directive to the Putnam County Clerk is based on her interpretation of W*ells v. SER Miller*, West Virginia Supreme Court of Appeals, No. 16-0779, September 15, 2016. Mr. Arthur has challenged the Secretary of State's interpretation with the

Prosecuting Attorney and Putnam County Clerk. [see, **Exhibit A**, Letter to Prosecuting Attorney and County Clerk dated September 20, 2016.] That challenge did not include the Constitutional issues raised in this action. Obviously, his right to ballot access is a significantly protectable interest that is contingent, from a Constitutional standpoint, on the outcome of this litigation.

Denial of Mr. Arthur's motion to intervene will impair or impede his ability to protect his interest as a qualified, nonaffiliated candidate. There is a Friday, September 23, 2016, deadline for inclusion of his name on the Putnam County ballot. If he is not permitted to intervene in this action to represent his interests as a County candidate who received his certificate of announcement from the County Clerk, he may well be denied the benefit of any decision by this Court that would serve to protect that interest. Disposition of this case without Mr. Arthur's participation would, as a practical matter, impair his ability to protect his interest as a candidate in Putnam County. *Spring Const. Co. v. Harris,* 614 F.2d 374 (4th Cir.1980).

Mr. Arthur's interests are not adequately represented by the existing parties to this litigation. Because they are candidates for national office or state legislative office, the existing parties obtained their certificates of announcement through the Secretary of State. The Secretary of State's directive to the Putnam County Clerk specifically named the two existing parties as individuals to be stricken from the ballot. Mr. Arthur is a countywide candidate, seeking the office of Commissioner, County Commission of Putnam County. He obtained his certificate of announcement from the County Clerk and qualified as a nonaffiliated candidate pursuant to the procedures set forth by *W.Va. Code* § 3-5-7(d)(6) and §§ 3-5-23, 24 through the County Clerk's office. The Secretary of State's directive to the Putnam County Clerk was that he ascertain on his own whether Mr. Arthur's certificate of announcement was issued within the retroactive deadline the Secretary of State seeks to enforce. If the Court grants the existing Plaintiffs the

relief they seek on Constitutional grounds, that will still not serve as an adequate directive to West Virginia County Clerks who are confronted with qualified, nonaffiliated candidates who seek only countywide office. This could result in conflicting treatment of county candidates as opposed to those who filed with the Secretary of State. This showing that the representation of Mr. Arthur's interests may be inadequate meets the minimal burden imposed upon him by Rule 24(a). *United Guar. Residential Ins. Co. of Iowa v. Philadelphia Sav. Fund Soc'y*, 819 F.2d 473 (4th Cir. 1987).

If this motion for intervention is granted, it is the intention of the intervenor to promptly seek joinder of the Putnam County Clerk in his official capacity as a nominal party defendant so that complete relief on the Constitutional issues raised in this case can be granted.

For the reasons set forth above, Dorrel W. Arthur asks the Court to grant his motion to intervene as a matter of right in this case as an additional plaintiff and participate in the upcoming hearing on plaintiffs' emergency motion for a temporary restraining order.

DORREL W. ARTHUR
BY COUNSEL

s/Harvey D. Peyton
Harvey D. Peyton, Esquire (#2890)
Thomas H. Peyton, Esquire (#8841)
*Peyton Law Firm, PLLC*
2801 First Avenue
P. O. Box 216
Nitro, WV 25143
Telephone: (304) 755-5556
Fax: (304) 755-1255
**Counsel for Dorrel W. Arthur**

## CERTIFICATE OF SERVICE

I, Harvey D. Peyton, counsel for Dorrel W. Arthur, do hereby certify that I have this 21st day of September, 2016, served a copy of the foregoing "**Memorandum in Support of Motion to Intervene**" upon the following parties of record by using the Court's CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Counsel for Plaintiffs:
amajestro@powellmajestro.com
helen@powellmajestro.com
jnelson@powellmajestro.com
paula@powellmajestro.com
bryan@bryansellslaw.com

No attorney has yet made an appearance for the Defendant, Secretary of State Natalie Tennant. However, I hereby certify that on September 21, 2016, I attempted service of the foregoing "Memorandum in Support of Motion to Intervene" upon the Defendant by emailing a copy to the following attorneys by electronic mail:

Ashley Summitt
Chief Counsel, West Virginia Secretary of State
easummitt@wvsos.com

Timothy Leach
Assistant Counsel, West Virginia Secretary of State
tleach@wvsos.com

J. Robert Leslie
Senior Deputy Attorney General, West Virginia Attorney General
James.r.leslie@wvago.gov

s/Harvey D. Peyton
HARVEY D. PEYTON